# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Benjamin D Danneman (#M-26515), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 3790 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Thomas Dart, et al., | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss [26] is granted in part and denied in part. Plaintiff's claim against Cook County Sheriff Tom Dart is dismissed without prejudice. Plaintiff's claim against Cook County Jail Superintendent Yoksulian may proceed, and this Defendant must answer the complaint by January 25, 2019. A status hearing is set for January 31, 2019, at 9:00 a.m. Counsel for Defendants Yoksulian and Diarccio shall make arrangements for Plaintiff's participation by telephone. Counsel shall also continue his search for the correct identity of the Defendant referred to as Sergeant Taylor in Plaintiff's complaint and should provide the Court and Plaintiff information as to this Defendant's identity by the status hearing.

## STATEMENT

Plaintiff Benjamin Danneman, a Lincoln Correctional Center prisoner, filed this 42 U.S.C. § 1983 civil rights suit against Cook County Jail officials Sheriff Tom Dart, Superintendent Yoksulian, Sergeant Taylor, and Officer Diarccio.[1] Plaintiff alleges Officer Diarccio harassed Plaintiff based on his sexual orientation by making lewd comments, such as: "[Plaintiff] must have jacked off to his father since [he] was a homosexual and [Diarccio] always jack off to his mother." (Dkt. 1, Compl. at 5). When Plaintiff complained about Diarccio's conduct, Dart, Yoksulian, and Taylor allegedly did nothing to stop it. According to Plaintiff, Taylor showed Plaintiff's grievance to Diarccio and then assigned Diarccio to Plaintiff's unit, where the harassment continued with Diarccio calling Plaintiff a "freaking faggot" in front of other inmates. (*Id.* at 5-6).

Currently before the Court is a motion to dismiss filed by Defendants (all but Sergeant Taylor who has not yet been served). In its November 7, 2018 order, the Court held that Plaintiff's complaint clearly stated claims against Officer Diarccio and denied the motion to dismiss this Defendant. The Court then directed Plaintiff to respond to the motion to dismiss Superintendent

---

[1] Plaintiff's complaint refers to two Defendants as Dicuccio and Yoksonlian. (Dkt. 1). Counsel for Defendants refers to them as Diarccio and Yoksulian in their motion to dismiss. (R. 26). Defendants' more recent motion for additional time to answer, however, states "Dicuccio." (R. 33.) The Court will follow the spelling in Defendants' motion to dismiss, but requests that their attorney clarify in his next filing the proper spelling of Defendants' names.

Yoksulian and Sheriff Dart and directed counsel for Defendants to review Plaintiff's pleadings, jail grievances, and other relevant documents to determine the identity of the party Plaintiff refers to as Sergeant Taylor. Plaintiff has responded to the motion to dismiss. For the reasons stated below, the motion is granted in part and denied in part. Plaintiff's claim against Superintendent Yoksulian may proceed, but the claim against Sheriff Dart is dismissed without prejudice.

When addressing a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor.'" *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Since Plaintiff is proceeding *pro se*, the Court construes his complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Nevertheless, if his allegations do not state a plausible claim for relief against a defendant, dismissal of the claim is proper. *Id.* at 752 ("[t]he complaint must . . . call for 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations") (quoting *Twombly*, 550 U.S. at 556).

As the Court explained in its prior order, Plaintiff's allegations that Diarccio harassed Plaintiff about his sexual orientation on multiple occasions in front of other inmates stated more than a fleeting, inappropriate comment to assert a constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *see also Highsmith v. Bailey*, No. 16-CV-00211-MJR, 2016 WL 1043015, at *2 (S.D. Ill. Mar. 16, 2016) (while simple, fleeting verbal harassment does not rise to the level of a constitutional violation, ongoing harassment intended to cause psychological or physical harm to an inmate can). Plaintiff's allegations about Superintendent Yoksulian's and Sheriff Dart's involvement, however, were not clear, and Plaintiff was directed to address their involvement in his response to the motion to dismiss.

Section 1983 creates a cause of action based on personal liability. There is no respondeat superior theory of liability in civil rights cases, and a supervisory official cannot be held strictly liable for the constitutional torts of subordinate officers. To be liable, the individual, him or herself, must have caused or participated in the constitutional deprivation in some way. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). Supervisory officials can be personally liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Because Plaintiff's complaint alleged only that Yoksulian and Dart "let th[e] harassment . . . proceed . . . and wanted to punish me for calling the Prison Rape Elimination phone number," (*see* dkt. 1, Compl., pg. 5-6), Plaintiff was directed to provide greater detail about Yoksulian's and Dart's involvement.

Plaintiff's response to the motion to dismiss states the following. Yoksulian reviewed Plaintiff's grievance about Diarccio's conduct and responded, "'CCDOC staff has been reminded to remain professional at all times.'" (Dkt. 32, Pl. Resp., pg. 1) (quoting Yoksulian's 5/8/18 grievance response, copy at dkt. 32, pg. 4). Yoksulian, however, allegedly "failed to move the

2

Plaintiff Benjamin Danneman to[] a safe location," and "failed to activate the PREA (Prison Rape Elimination Act[2] policy as she was the supervisor over Div. 8." (*Id.* at 1.) Yoksulian also allegedly "failed to[] get . . . mental health counseling [for Plaintiff] after being notified of the sexual harassment brought on by C/O Diarccio." (*Id.* at 2.)

Allegations that Yoksulian was made aware of the harassment but took inadequate steps to prevent it from continuing—by simply reminding staff to "remain professional at all times," by failing to move Plaintiff to a different area of the jail, or by failing to initiate the PREA—sufficiently state a claim.[3] Though simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation," *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)), an officer who knows of unconstitutional conduct and allows it to continue by taking inadequate steps to stop it can be liable. *George*, 507 F.3d at 609 ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"); *see also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (where supervisory "officials failed to exercise his or her authority to intervene on [an inmate]'s behalf to rectify the situation, suggesting they either approved of or turned a blind eye to [an officer's] allegedly unconstitutional treatment," a § 1983 claim exists).

Plaintiff's allegations that Yoksulian took inadequate steps in response to his grievance about Officer Diarccio suffice at this stage of the case to assert a colorable claim against Yoksulian. Only "discovery will shed light on whether . . . [Yoksulian] took 'the needed action to investigate' [Plaintiff]'s grievances." *Perez*, 792 F.3d at 782 (quoting *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Plaintiff presents enough to support a claim against Yoksulian, and this Defendant must respond to the complaint.

As to Sheriff Dart, however, Plaintiff states no claim. Plaintiff's response to the motion to dismiss states the following: "Thomas Dart had a policy of inaction; failure to respond to[] a safety

---

[2] "[T]he Prison Rape Elimination Act, 42 U.S.C. §§ 15601–15609, as the name implies, . . . . makes the prevention of prison rape a priority concern of prison administrators." *Ramos v. Hamblin*, 840 F.3d 442, 444 (7th Cir. 2016). The PREA "was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction and punishment of prison rape." *Amaker v. Fischer*, No. 10-CV-0977A, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014), order superseded, No. 10-CV-0977, 2015 WL 1822541 (W.D.N.Y. Apr. 22, 2015). Although the Act calls for officials to provide greater protections against sexual assaults in prisons and jails, courts have held that "no . . . private right of action exists under the statute." *Ross v. Gossett*, No. 15-CV-309-SMY-PMF, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016) (collecting cases).

[3] Although courts do not usually consider allegations outside a complaint when addressing a motion to dismiss, "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.'" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir.1997)).

problem. Thomas Dart, a prison official, acted and violated the rules of his job or state laws 'under the color of state law.'" (Dkt. 32, pg. 2).

Neither Plaintiff's complaint nor his response to the motion to dismiss indicate that Dart was aware of Diarccio's harassment or Yoksulian's refusal to prevent it. Plaintiff presents no factual allegations to support a claim of personal liability against Dart. *See Perez*, 792 F.3d at 781 (to state a claim against a supervisory official in his individual capacity, "a § 1983 plaintiff may not rely on a theory of respondeat superior and must instead allege that the defendant, through his or her own conduct, has violated the Constitution") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). To the extent Plaintiff seeks to assert that Sheriff Dart should be held liable in his individual capacity, such a claim is dismissed.

To the extent Plaintiff seeks to assert a claim of an unconstitutional custom or policy against Dart in his official capacity, Plaintiff's pleadings still state no claim. To assert such a claim, Plaintiff must allege facts indicating that "his injury was the result of [an] . . . official policy or custom." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (citation omitted). "An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Id.* "The plaintiff also must establish a causal link between the . . . policy (or lack of policy) and the plaintiff's injury. *Id.*

Plaintiff's contention that "Thomas Dart had a policy of inaction," and "fail[ing] to respond to[] a safety problem," which broadly asserts an unconstitutional custom or policy, is too speculative to state a claim in accordance with federal notice-pleading standards. (Dkt. 32, pg. 2). Labels, conclusions, and "naked assertions devoid of further factual enhancement" are insufficient to state a claim. *Ashcroft*, 556 U.S. at 678 (a plaintiff's allegations must suggest a right to relief above the mere speculative level); *Twombly*, 550 U.S. at 555. The claims against Sheriff Dart thus are dismissed without prejudice, and he is dismissed as a Defendant. If Plaintiff learns through discovery that an unconstitutional custom or policy existed or that Dart was aware of Diarccio's harassment but did nothing about it, Plaintiff may later seek to reinstate Dart.

Accordingly, for the above stated reasons, Defendants' motion to dismiss is denied with respect to Plaintiff's claim against Superintendent Yoksulian, who is directed to respond to the complaint. The motion to dismiss is granted for the claims against Sheriff Dart and he is dismissed. Lastly, the Court directs Defendants' attorney to continue searching for the correct identity of the Defendant referred to as Sergeant Taylor in the complaint.

Date: 1/4/2019      /s/    John J. Tharp, Jr.
                    John J. Tharp, Jr.
                    United States District Judge